**Robert A. WARNER, Plaintiff-Appellee,**

**v.**

**NEW YORK CENTRAL TRANSPORT COMPANY, Defendant-Appellant.**

**No. 14445.**

United States Court of Appeals
Sixth Circuit.

Oct. 27, 1961.

John W. McGraw, Saginaw, Mich., H. Monroe Stanton, Stanton, Taylor & McGraw, Saginaw, Mich., on brief, for appellant.

Walter Martin, Saginaw, Mich., Martin & Martin, Saginaw, Mich., Robert S. Gilbert, Gilbert & Gilbert, Saginaw, Mich., on brief, for appellee.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case involved a collision between an automobile in which plaintiff was riding as a passenger and a tractor-trailer outfit owned by defendant as a result of which plaintiff sustained serious personal injuries.

The vehicles were proceeding in opposite directions on West Genesee Street in Saginaw, Michigan. The tractor-trailer commenced to make a left turn into a private driveway leading to a gasoline filling station and in the path of the automobile which collided with the trailer.

The case was submitted to a jury resulting in a verdict in favor of plaintiff.

In this appeal, only two errors are asserted, namely, (1) the verdict is not supported by substantial evidence and (2) one of the jurors was guilty of misconduct in privately viewing the scene of the accident.

The applicable Michigan statute, which plaintiff claimed was violated by the driver of the tractor-trailer, provided:

"The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety, and shall give a signal as required in this section." C.L. 1948, paragraph 257.648; M.S.A. § 9.2348.

The truck driver testified that when he commenced to make a turn to the left he gave proper signals and looked ahead for a distance of 1,000 feet and saw no approaching vehicles. Defendant contends that the physical facts clearly demonstrated that he was not negligent.

The driver of the automobile in which plaintiff was riding testified that he observed no signals from the tractor-trailer and did not see its headlights until he was about three car lengths or 50 feet away; that he "slammed on" his brakes and the collision occurred.

Defendant conceded that plaintiff was not negligent in any respect.

█ The jury could conclude from the evidence that the driver of the tractor-trailer made his left turn in the path of the approaching automobile and without seeing that such movement could be made in safety. In our opinion, the District Court did not err in denying defendant's motion for a directed verdict. We think the verdict is supported by substantial evidence.

█ While we regard the private view by the juror of the scene of the accident as improper, we do not find that defendant was in any way prejudiced thereby.

The judgment of the District Court is affirmed.